**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RODOLFO M. CASTRO, | DOCKET NUMBER |
| Appellant, | DA-0752-14-0660-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: March 9, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kristyn M. Houchen, Esquire, Ventura, California, for the appellant.

Norbert S. Walker, Fort Bliss, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The agency has filed a petition for review of the initial decision, which dismissed the appeal without prejudice.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant filed this adverse action appeal following his August 30, 2014 removal from his position as Lead Detective, GS-0083-09, at Fort Bliss, Texas, for Breach of Public Trust. Initial Appeal File (IAF), Tab 1, Tab 4 at 20, 24-29, 57-59. He has asserted that he was removed in retaliation for whistleblowing activities. IAF, Tab 1 at 16. His petition for appeal included a statement regarding the circumstances surrounding his removal, *id.* at 18-20, as well as a copy of a report he made to the Honorable Beto O'Rourke, a Member of the U.S. House of Representatives, on January 30, 2014, *id.* at 25. The report to Representative O'Rourke states that the appellant and several colleagues filed a complaint on May 13, 2013, with the Army Inspector General regarding a hostile work environment and other abuses. *Id.*

¶3        During a telephonic status conference, the appellant's representative explained that he had filed a February 2014 complaint with the Office of Special Counsel (OSC) regarding other alleged retaliatory acts, and that he had more recently advised OSC's investigator of his removal. *See* IAF, Tabs 9-10, 13. The representative requested that the administrative judge dismiss the appeal without prejudice to refiling within 120 days because OSC had informally stated that it

might intervene on his behalf. IAF, Tab 10 at 4, Tab 13 at 5. The OSC complaint pre-dated the notice of proposed removal and was based on personnel actions that occurred before the removal action.[2] The representative explained that the appellant would not know whether OSC would incorporate the removal in his complaint until the investigator had issued a final decision. IAF, Tab 13 at 5. The agency objected, requesting that the appeal be dismissed with prejudice. IAF, Tab 10 at 4-5. The agency asserted that it would be prejudiced by the delay and that the Board lacked jurisdiction and/or the appellant had made a binding election under 5 U.S.C. § 7121(g). *Id.*

¶4        The administrative judge dismissed the appeal without prejudice, allowing the appellant to refile on or before March 14, 2015. IAF, Tab 15, Initial Decision (ID) at 1, 3. The administrative judge found that the agency failed to show that it would be prejudiced by the delay, but in any event, the appellant may have already been prejudiced because the conduct for which he was being disciplined had occurred more than 2 years before the proposal notice was issued. ID at 2. The administrative judge also noted that OSC might intervene or broker a settlement in the case. ID at 2. In its petition for review, the agency argues that the administrative judge abused his discretion by dismissing the appeal without prejudice and applied an erroneous interpretation of the law by not dismissing the appeal for lack of jurisdiction. Petition for Review (PFR) File, Tab 1 at 6-7.

¶5        An administrative judge has wide discretion to dismiss an appeal without prejudice in the interests of fairness, due process, and administrative efficiency, and he may order such a dismissal at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *See Thomas v. Department of the Treasury*, 115 M.S.P.R. 224, ¶ 7 (2010); *see also* 5 C.F.R. §§ 1201.29, 1201.41(a)-(b). The Board will uphold the administrative judge's exercise of

---

[2] The notice of proposed removal was issued on May 13, 2014. IAF, Tab 4 at 57.

such an option when the circumstances so warrant. *Ryan v. Department of Homeland Security*, 112 M.S.P.R. 43, ¶ 4 (2009).

¶6 Dismissal of the appeal without prejudice was appropriate here on grounds of both administrative efficiency and fairness for the reasons that the administrative judge cited. *See* ID at 2. The agency asserts that the appellant did not file evidence in support of his request for dismissal, PFR File, Tab 1 at 7, and that the administrative judge inappropriately credited the representations of his attorney regarding the potential for OSC intervention, *id.*, Tab 3 at 4. We have long held that the representations of counsel are not evidence, *see, e.g.*, *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995). Ideally, the appellant would have submitted evidence of his contact with OSC, including the complaint form and the notice he gave the investigator regarding his removal. Nothing in the record, however, suggests that the administrative judge should have discounted counsel's representations. To the contrary, the record shows that the appellant was engaged in whistleblowing activity and concerned about possible retaliation long before the notice of proposed removal was issued. *See* IAF, Tab 1 at 18-20, 25; *see also* IAF, Tab 4 at 54-56.

¶7 Given counsel's representations, it was a proper exercise of discretion for the administrative judge to allow the appellant to ascertain whether OSC intended to incorporate the removal in his existing complaint. It served the interests of both administrative efficiency and fairness to delay temporarily the processing of the appeal. We believe that neither party would be prejudiced by the delay, especially the agency, given its still-inexplicable decision to pursue disciplinary action more than 2 years after the alleged misconduct occurred.[3] *See* ID at 2.

---

[3] The agency explained that the charge was based on transcripts of telephone conversations between the appellant and his acquaintance, who was the subject of an investigation by the Drug Enforcement Administration. IAF, Tab 14 at 5. The agency averred that it received the transcripts when the investigation closed, "long after the calls were recorded." *Id.* The agency provides no other information that would allow us to determine the exact length of the delay.

¶8   The agency also asserts that the Board lacks jurisdiction in this case because the appellant made a binding election under 5 U.S.C. § 7121(g) when he informed OSC about his removal.[4]  PFR File, Tab 1 at 6.  When the appeal was dismissed, however, the appellant did not know whether the removal action would be incorporated into his existing complaint.  *See* IAF, Tab 13 at 5.  In his response to the petition for review, he explains that he was able to ascertain that OSC's investigation was still proceeding and that OSC was not incorporating the removal action in the complaint.  PFR File, Tab 2 at 5.  He adds that OSC's investigator advised him to file a new complaint regarding the removal.  *Id.*

¶9   Even if OSC were to incorporate the removal action in the appellant's complaint, we would still find that the appellant did not make a binding election when he notified OSC's investigator about his removal because the agency has failed to provide the appellant with sufficient information regarding the limitations on his appeal rights to render any election knowing and informed.  For matters arising under 5 U.S.C. §§ 7121(d) and (e), the Board has long held in appeals that an agency's failure to provide proper notice of the "potential avenues of recourse" and of the limitations on those rights precludes finding that the employee has made a knowing and informed election and thus renders it invalid.  *See, e.g*, *Johnson v. Department of Labor*, 26 M.S.P.R. 447, 450 (1985).  In *Agoranos v. Department of Justice*, 119 M.S.P.R. 498 (2013), the Board applied general rules of statutory construction to find that Congress intended to extend the Board's requirement of a knowing and informed election of remedies to

[4] Under 5 U.S.C. § 7121(g), an employee who has been subjected to an action appealable to the Board and who alleges that he has been affected by a prohibited personnel practice other than a claim of discrimination under section 2302(b)(1), may elect to pursue a remedy through one, and only one, of the following remedial processes:  (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed pursuant to the provisions of the negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from OSC under 5 U.S.C. §§ 1211-1222.  *Agoranos*, 119 M.S.P.R. 498, ¶ 14.  Whichever remedy he seeks first is deemed to be his election of that process and precludes pursuit of the matter in the other two forums.  *Id.*

section 7121(g), *id*., ¶ 16. The appellant in that case had filed a complaint with OSC alleging that the agency denied him a within-grade increase, and he had amended his complaint to allege that he was removed in reprisal for his whistleblowing. *Id*., ¶ 17. The appellant subsequently filed a Board appeal. *Id*. The Board found that the appellant was not precluded from filing a subsequent Board appeal of his removal because the agency removed the appellant without notifying him of his right to file a request for corrective action with OSC and without notifying him of the effect that such an election would have before the Board. *Id.*

¶10    In the instant case, the agency notified the appellant of his right to appeal his removal to the Board or file a request for corrective action with OSC. IAF, Tab 4 at 27-29 of 106. The agency, however, did not notify the appellant of the effect that electing to file a Board appeal would have before OSC. Similarly, the agency did not notify the appellant of the effect that electing to request corrective action with OSC would have before the Board. Therefore, pursuant to *Agoranos*, the appellant has not made a knowing and informed election under section 7121(g) of either the Board appeal process or OSC procedures.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8),

(b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.